IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CARESPRING HEALTHCARE MANAGEMENT, LLC D/B/A INDIANSPRING OF OAKLEY**
As authorized representative[1] of John Houston
4900 Babson Place
Cincinnati, Ohio 45227

Judge:

**THE GOOD SHEPHERD HOME FOR THE AGED**
As authorized representative of Samuel Morris,
622 Center Street
Ashland, Ohio 44805

    PLAINTIFFS,        Case No.:

v.

**CYNTHIA C. DUNGEY**,
in her official capacity as the Director of
the Ohio Department of Job and Family Services,
30 East Broad Street 32nd Floor
Columbus, Ohio 43215

And

**JOHN B. MCCARTHY**
In his official capacity as the Director of
the Ohio Department of Medicaid
50 West Town Street, Suite 400
Columbus, Ohio 43215

    DEFENDANTS

---

[1] Federal law requires state agencies to permit applicants and beneficiaries to designate an individual or organization to act responsibly on their behalf in assisting with the individual's application and renewal of eligibility and other ongoing communications with the state agency responsible for issuing determinations on Medicaid eligibility. *See* 42 C.F.R. § 435.923.

## COMPLAINT FOR DECLARATORY JUDGMENT

## PRELIMINARY STATEMENT

As a condition of receiving federal funds, the State of Ohio is required to operate the Medicaid program in compliance with the Social Security Act and implementing regulations, pursuant to 42 U.S.C § 1396(c). This case concerns the failure of Defendant Cynthia C. Dungey ("Dungey"), the Director of the Ohio Department of Job and Family Services ("ODJFS"), and Defendant John McCarthy ("McCarthy"), Director of the Ohio Department of Medicaid ("ODM"), (hereinafter collectively referred to as "Defendants"), to ensure that Defendants comply with their obligation to afford Medicaid benefits to a resident in a long-term care facility in accordance with the constitution and the laws of the United States. Defendants are directly responsible for policies necessary for the implementation of a system for determination of eligibility for Medicaid that complies, in all aspects, with federal law.

The Defendants' failure to comply with federal law to determine Medicaid benefits to a Resident of Petitioner's skilled nursing facility is a violation of the Federal Medicaid Act at 42 U.S.C. § 1396a (a)(17)(b) (1988); 20 CFR § 416.1201(a)(1); 42 U.S.C. § 1396r-5(c)(3); the Due Process Clause of the Fourteenth Amendment to the United States Constitution; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*; and the Supremacy Clause, U.S. Const., Art. VI, cl. 2.

## PARTIES

1. Plaintiff, John Houston ("Houston"), is a resident of Carespring Healthcare Management d/b/a Indianspring of Oakley ("Houston" or "Carespring"), and is a beneficiary of Ohio Medicaid Benefits. Plaintiff has appointed Carespring as his authorized representative to bring the instant suit on his behalf. Carespring is a limited liability company organized under

the laws of the State of Ohio, and owns and operates Indianspring of Oakley, a skilled nursing facility located at 4900 Babson Place, Cincinnati, Ohio 45227. *See* Authorized Rep form designating CareSpring as Houston's AR, Ex. A.

2. Plaintiff, Samuel Morris, was a resident of The Good Shepherd Home for the Aged ("Morris" or "GSH"), and is a beneficiary of Ohio Medicaid Benefits. Plaintiff has appointed GSH as his authorized representative to bring the instant suit on his behalf. GSH is a limited liability company organized under the laws of the State of Ohio, and owns and operates a skilled nursing facility located at 622 Center St, Ashland, OH 44805 in Ashland, Ohio. *See* Authorized Rep form designating GSH as Morris's AR, Ex. B.

3. The Defendant Cynthia C. Dungey is the Director of the Ohio Department of Job and Family Services ("ODJFS"), which is the department of the State of Ohio that, under Ohio law and applicable federal regulations, was the single state agency charged with responsibility for administering and supervising Ohio's Medicaid program at the time the Medicaid applications at issue here were submitted. At all times material to this Complaint, Defendant Dungey acted under color of state law in administering the regulations, customs, policies, and practices material herein. She is sued in her official capacity only.

4. The Defendant John McCarthy is the Director of the Ohio Department of Medicaid ("ODM"), which is now the department of the State of Ohio that, under Ohio law and applicable federal regulations, is the single state agency charged with responsibility for administering and supervising Ohio's Medicaid program. At all times material to this Complaint, Defendant Dungey acted under color of state law in administering the regulations, customs, policies, and practices material herein. He is sued in his official capacity only.

## JURISDICTION AND VENUE

5. This action arises under the Title E XIX of the Social Security Act, 42 U.S.C. §1396a *et seq.* ("the Medicaid Act"), the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131 *et seq.* and the Supremacy Clause, U.S. Const., Art. VI, cl. 2.

6. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343.

7. Declaratory relief is sought pursuant to 28 U.S.C. §§2201 and 2202.

8. Venue lies in this forum pursuant to 28 U.S.C. §1391(b) and Local Rule 82.1.

9. Medicaid provides health care benefits to qualifying low-income individuals—including, in this case, the elderly and disabled. 42 U.S.C. § 1396, *et seq.*

10. Medicaid is joint federal and state program whereby participating states receive federal financial assistance and, in return, must follow the requirements of 42 U.S.C. §1396a(a), the Medicaid Act and its rules and regulations.

## STATEMENT OF FACTS: JOHN HOUSTON

11. Carespring is a skilled nursing facility in the state of Ohio and, as part of its mission, is dedicated to providing compassionate, long-term care for its residents.

12. John Houston ("Houston") is an elderly man who suffers from numerous medical conditions that require his twenty-four (24) hour care and assistance.

13. On February 27, 2015, Houston was admitted to Carespring and currently resides at Carespring's facility.

14. Following his admission to Carespring, Houston became insolvent and in need of Medicaid benefits to pay for his care and assistance at Carespring.

15. Carespring is an intended third party beneficiary of Houston's Medicaid benefits, by and through an Admission Agreement and Assignment, executed by and through his Power of Attorney, upon his admission to Carespring.

16. On March 5, 2015, Carespring submitted an application for Medicaid assistance to Defendants, by and through ODM.

17. At the time of his application, Houston was subject to an order issued by the County Domestic Relations Court to pay spousal support in the amount of $300 per month.

18. In accordance with that order, Houston's pension administrator deducted spousal support of $300 per month from his monthly income prior to direct depositing the check into Houston's bank account.

19. On April 4, 2015, Defendants approved Houston for Medicaid benefits effective as of February 1, 2015 (the "April 4th approval"). *See* form 9401 dated 4/4/15, Ex. C.

20. Contemporaneous with the April 4th approval, Defendants determined that Houston's Patient Liability (PL) is $3,276.00 per month, but failed to deduct the amount of court-ordered spousal support Houston must pay to his ex-spouse.

## STATEMENT OF FACTS: SAMUEL MORRIS

21. Samuel Morris ("Morris") was a resident at Good Shepherd Home (GSH) in Ashland, Ohio until he passed away on November 23, 2015.

22. While at GSH, Morris qualified for and received Medicaid benefits.

23. GSH received Medicaid vendor payments for the 24-hour care and services it provided to Morris.

24. The Ashland County Department of Job & Family Services ("JFS") determined in April 2014 that Morris would have a patient liability (PL) in the amount of $2,050, representing

his income less a nominal personal allowance of approximately $50 per month. Morris' PL was re-determined at various times during his residency at GSH.

25. At the time of the initial Medicaid determination, Morris was married.

26. After the initial Medicaid determination, on May 21, 2014, the Richland County Domestic Relations Court entered a Judgment Entry granting Morris a divorce from his wife (the "Decree"). *See* Judgment Decree, Ex. D.

27. The Decree ordered Morris to pay spousal support in the amount of $1,600.00 per month.

28. Consequently, JFS re-determined the PL amount based on the court-ordered support payments. JFS increased Morris's monthly income to $3,420, reasoning that his "spouse's income has increased making a higher PL." Form 9401 with effective date of 11/1/14. *See* Form 9401 dated 11/1/14, Ex. E. The following month, JFS increased his PL again to $3,643.00. *See* Form 9401 dated 12/1/14, Ex F.

## CAUSES OF ACTION

## COUNT ONE - DECLARATORY JUDGMENT

29. The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

30. The spousal support payments required by each Plaintiff are *unavailable* income to the Plaintiffs under 20 CFR § 416.1201(a)(1).

31. By virtue of the domestic relations orders issued upon the Plaintiffs, the amount of each Plaintiff's income equivalent to their respective spousal support payment obligation is *unavailable* income to each Plaintiff because he cannot convert it for his personal use. The spousal support obligations should be deducted from each Plaintiff's PL determination under 20 CFR § 416.1201(a)(1).

32. Each Plaintiff's monthly support payment is not cash that he "owns and could convert to cash to be used for his…support and maintenance," as set forth under 20 CFR § 416.1201(a)(1).

33. On the other hand, Ohio regulation O.A.C. § 5160:1-3-03.1(E)(1) and (2) requires court-ordered spousal support to be included as a participant's *available* income.

34. Due to the Defendants' application and/or interpretation of Ohio regulation O.A.C. § 5160:1-3-03.1(E)(1) and (2), the Defendants wrongfully counted Plaintiffs' support payments as *available* income.

35. The Defendants have deducted alimony/spousal support from a PL calculation after an appeal raised the issue, which serves as a party admission that the practice they observed as to Defendants was incorrect. *See* CRISE No. 5121247943; Medicaid No. 106477027299.

36. In the case of Houston, the Defendants counted his support payment twice as *available* income – once as income of Houston and again as unearned income of his ex-spouse.

37. Ohio regulation O.A.C. § 5160:1-3-03.1(E)(1) and (2) is preempted by the Medicaid Act, invalid under the supremacy clause of Article VI of the U.S. Constitution, and, thus, unenforceable.

38. Federal law mandates that a Medicaid applicant's resources are not to cause a denial when they are *unavailable* to the applicant; resources are not available when he or she does not have the *power to liquidate* the asset. 20 CFR § 416.1201(a)(1) (emphasis added).

39. If there is a legal bar to making an asset available, it is excluded for purposes of determining Medicaid eligibility. 42 U.S.C. § 1396a (a)(17)(B).

40. Ohio regulation O.A.C. § 5160:1-3-03.1(E)(1) and (2), as interpreted by the Defendants, would require Morris to engage in time-consuming, costly litigation in Richland

7

County domestic relations court to have the support payment erased or reduced, which he is unable to do. Consequently, that part of his income used to pay the court-ordered spousal support is unavailable to him.

41. Ohio recognizes both "earned income" and "unearned income" pursuant to O.A.C. 5160:1-3-03.1(B)(2). Unearned income under O.A.C. 5160:1-3-03.1(B)(2) includes all income except wages and net earnings from employment or self-employment.

42. Federal law requires that alimony be treated as the unearned income of the payee of the support payment. 42 U.S.C. § 1382a(a)(2)(E); 20 C.F.R. § 416.1121(b). Furthermore, alimony (known as "spousal support" in Ohio), is never "actually available" to the payor and cannot be deemed "available" to the payor, as it is earmarked for a dependent, i.e., the ex-spouse who is the payee of the support payment by court order. *See Emerson v. Wynia*, 754 F. Supp. 705, 706, 1991 U.S. Dist. LEXIS 535, 1 (D. Minn. 1991).

43. Ohio law diverges from Federal law by failing to deduct spousal support from the PL determination, in accordance with Federal law. O.A.C. § 5160:1-3-03.1(E)(1), (2).

44. Where a state Medicaid law conflicts with a federal Medicaid statute or regulation, the state law is unenforceable. *See Lankford v. Sherman*, 451 F.3d 496, 510 (8th Cir. 2006).

45. A state may not create regulations which are contrary to the federal statutes. *See Gorlick v. Fla. Dep't of Children and Families*, 789 So.2d 1247 (2001).

46. In Ohio, county Agencies have also recognized the unavailability of income due to certain deductions in the Medicaid recipient's income. In Lucas County, the Agency deducted from the recipient's PL the amount of a VA overpayment and monthly student loan payment that was deducted from his SSA income. *See* Lucas County Department of Job & Family Services, CRISE Case No. 5079771233 form 9401. This illustration takes into account the entire premise

8

behind the standard of availability of income: to require the Medicaid recipient to contribute to his care the amount of his own income that is *actually* available for his use.

47. Federal Courts have addressed the Federal regulations and the issue of spousal support in determining Medicaid eligibility and have held that "a state cannot create laws or regulations under which institutionalized spouses who have assigned rights to support to the State are ineligible for Medicaid coverage because of excess resources." *Morenz v. Wilson-Coker*, 415 F.3d 230, 237 (2d. Cir. 2005).

48. Defendants concluded that spousal support must be considered "available" in determining the Plaintiffs' Medicaid benefits and Patient Liability under O.A.C. § 5160:1-3-03.1 and 42 USC §1396r-5(c)(2).

49. If there is a legal bar to sale of assets, federal law excludes the assets for the purposes of determining Medicaid eligibility. 42 U.S.C. § 1396a (a)(17)(B) (Supp. 2004).

50. According to 42 U.S. Code §1396a: the caseworker shall only take into consideration income and resources that are available to the applicant or recipient. Federal regulations provide for an exclusion from "available" income for at-home spousal support "based on a reasonable assessment of need but *must not exceed* the highest of" three standards. (Emphasis added.) 42 C.F.R. § 435.832(c)(2). See *Clark v. Commissioner of Income Maintenance, 209 Conn. 390, 405, 551 A.2d 729, 737, 1988 Conn. LEXIS 350, 20 (Conn. 1988)*.

51. The Defendants' failure to comply with federal law regulations regarding the Plaintiffs' Medicaid benefits, to which they were entitled under federal law, places Houston at risk of being discharged from Carespring and jeopardizes his health, safety, and well-being, causes him to accumulate a debt he cannot pay, and deprives Carespring of their right to full compensation as a third party beneficiary of the agreement between the Agency and the individual to pay to

Carespring the benefits due to them for 24-hour care provided to Houston and for which he is eligible.

52. The Defendants' failure to comply with federal law regulations regarding Morris's Medicaid benefits, to which he was entitled under federal law, placed Morris at risk of being discharged from GSH and jeopardized his health, safety, and well-being, and caused him to accumulate a debt he could not pay, thereby depriving GSH of its right to full compensation as a third party beneficiary of the agreement between the Defendants and the individual to pay to GSH the benefits due to it for 24-hour care provided to Morris and for which Morris was eligible.

53. The Defendants have failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a)(10).

54. The Defendants' failure to afford the Plaintiffs their public benefits and services, to which they were entitled under federal law, and failure to grant them Medicaid benefits as a reasonable accommodation, constitutes actual or predictable discrimination in violation of the ADA, 42 U.S.C. § 12132 *et seq.* and 28 C.F.R. § 35.130 e*t seq.*

55. By failing to comply with the federal rules and regulations regarding eligibility and determining resources when assessing the Plaintiffs' applications for Medicaid benefits, Defendants have deprived them of the rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, and as preempted by the Supremacy Clause of the United States Constitution, Article VI.

56. Because the Defendants have failed to comply with federal Medicaid law, applicable authority authorizes the automatic approval of the Plaintiffs' Medicaid benefits and

adjustment of their Patient Liability, retroactive to their initial date of eligibility. *See Smith v. Miller,* 665 F.2d 172, 176 (7th Cir. 1981).

57. The burden placed on Defendants, should the Court grant the relief requested in this action, is simply that Defendants will be required to comply with federal Medicaid laws; the Defendants stand to suffer diminutive, if any, burden by affording the Plaintiffs' public benefits to which they are entitled pursuant to federal law.

58. In contrast, the hardship that Defendants have inflicted on Carespring and GSH by failing to act on the Plaintiffs' rights for public benefits is considerable and impacts Carespring's and GSH's fiscal health and ability to care for other residents at the facility.

59. Pursuant to federal law, the Defendants should afford the Plaintiffs an adjustment of Patient Liability retroactive three (3) months prior to the date of Medicaid application, or to the date for which each of them was actually approved for benefits. 42 U.S.C. 1396a(a)(34); *see e.g. Md. Dep't of Health & Mental Hygiene v. Ctrs. for Medicare & Medicaid Servs.*, 542 F.3d 424, 2008 U.S. App. LEXIS 20318 (4th Cir. 2008).

60. Pursuant to 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, Plaintiffs seek declaratory relief by this Court.

61. It is well settled that the district court's exercise of discretion in a declaratory judgment action should be informed by a number of prudential factors, including: (1) considerations of practicality and efficient judicial administration; (2) the functions and limitations of the federal judicial power; (3) traditional principles of equity, comity, and federalism; (4) Eleventh Amendment and other constitutional concerns; and (5) the public interest. *Smith & Usaha, supra* note 2, at 116, *citing . Wilton v. Seven Falls Company, 515 U.S. 288 (1995); Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Rickover*, 369 U.S. 111 at 112-13; *Public Service*

*Commission of Utah v. Wycoff Company,* 344 U.S. 237, 243-47 (1952). Perhaps the most important factors are whether a declaratory judgment will serve a useful purpose and resolve the controversy between the parties. *Smith & Usaha, supra not*e 2, at 116 (collecting cases); *Wilton*, 515 U.S. at 288; *Green v. Mansour*, 474 U.S. 64, 74 (1985); *Rickover*, 369 U.S. 111 at 112-13*G*; *Wycoff*, 344 U.S. at 244.

## COUNT TWO – VIOLATION OF THE "AMERICANS WITH DISABILITIES ACT" ("ADA"), 42 U.S.C. §12132

62. The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

63. The Defendants have failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a)(10).

64. Both Plaintiffs are "qualified individual(s) with a disability," as defined under the ADA, 42 U.S.C. § 12132 et seq., 29 U.S.C.A. § 701 et. seq., and 28 C.F.R. § 35.130 et seq.

65. The Defendants' failure to afford the Plaintiffs public benefits and services, to which they were entitled under federal law, and failure to grant their Medicaid benefits as a reasonable accommodation, constitutes actual or predictable discrimination in violation of the ADA, 42 U.S.C. § 12132 *et seq*. and 28 C.F.R. § 35.130 *et seq*.

66. As a consequence of' Defendants' actions as described herein, the Plaintiffs have suffered damages, including compensatory, mental anguish and other damages.

## COUNT THREE – VIOLATION OF DUE PROCESS AND EQUAL PROTECTION (42 U.S.C. §1983)

67. The Plaintiffs incorporate all paragraphs set out above as if fully set out herein

68. Equal protection doctrine ensures that all similarly situated persons are treated similarly under the law. If a statute classifies people, the classification must be based on criteria related to the statute's objective. *Disabled Am. Veterans v. United States Dep't of Veterans Affairs*, 962 F.2d 136, 141 (2d Cir. 1992).

69. The above acts were committed under color of state law by the Defendants. Said acts were committed by the Defendants by and through representatives of the Defendants acting in their official capacities pursuant to the statutes, ordinances, laws and policies of the Defendants.

70. The Defendants acted willfully, knowingly, and purposefully with the specific intent to deprive Plaintiffs of their rights, privileges, or immunities secured by the Constitution and laws by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. §1983.

71. As a consequence of the Defendants' actions as described herein, the Plaintiffs suffered damages including compensatory, mental anguish and other damages.

## **COUNT FOUR - VIOLATION OF THE FEDERAL MEDICAID ACT'S MEDICAL ASSISTANCE, AND NURSING FACILITY SERVICES MANDATE (42 U.S.C. §1983)**

72. The Plaintiffs incorporate all paragraphs set out above as if fully set out herein

73. In violation of the medical assistance and nursing facility services provisions of the Medicaid Act, 42 U.S.C. §§ 1396a(a)(10)(A), 1396d(a)(4)(A), the Defendants, while acting under the color of law, have failed to provide the Plaintiffs with nursing facility services necessary for the health and welfare of these disabled Plaintiffs.

74. The Defendants' violations, which have been repeated and knowing, entitle the Plaintiffs to relief under 42 U.S.C. § 1983.

## COUNT FIVE-VIOLATION OF THE FEDERAL MEDICAID ACT'S REASONABLE PROMPTNESS REQUIREMENT

75. Plaintiffs incorporate all paragraphs set out above as if fully set out herein

76. The Plaintiffs are all Medicaid-eligible individuals who require nursing facility services and reside in Ohio. The Defendants are engaged in the repeated, ongoing failure to arrange and provide medical assistance and nursing facility services despite the fact that medical assistance and nursing facility services are medically necessary for the Plaintiffs.

77. In violation of 42 U.S.C. § 1396a(a)(8) of the Federal Medicaid Act, the Defendants, while acting under the color of law, failed to provide services to the Plaintiffs with "…reasonable promptness…". Furthermore, the Defendants are required to administer the Medicaid program in compliance with 42 C.F.R. §435.930 (requiring applicants be afforded Medicaid benefits without any delay). ODM and ODJFS's failure to afford the Residents public benefits and services, to which they are entitled under federal law, and failure to grant the Residents Medicaid benefits as a reasonable accommodation, constitutes actual or predictable discrimination in violation of the ADA, 42 U.S.C. § 12132 *et seq.,* § 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.,* and 28 C.F.R. § 35.130 e*t seq.*

78. The Defendants, while acting under the color of law, have failed to provide the Plaintiffs with nursing facility services necessary to these for the health and welfare of these disabled Plaintiffs in violation of the medical assistance and nursing facility services provisions of the Medicaid Act, 42 U.S.C. §§ 1396a(a)(10)(A), 1396d(a)(4)(A).

79. The Defendants, while acting under the color of law, failed to provide services to the Plaintiffs with "reasonable promptness…" in violation of 42 U.S.C. § 1396a(a)(8) of the Federal Medicaid Act.

80. The Defendant's violations, which have been repeated and knowing, entitle the Plaintiffs to relief under 42 U.S.C. § 1983.

## COUNT SIX-VIOLATION OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794

81. Plaintiffs incorporate all paragraphs set out above as if fully set out herein

82. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, prohibits public entities and recipients of federal funds from discriminating against any individual by reason of disability. Public and federally-funded entities must provide programs and activities "in the most integrated setting appropriate to the needs of the qualified individual with a disability." See 28 C.F.R § 41.51(d). Policies, practices, and procedures that have the effects of unjustifiably segregating persons with disabilities in institutions constitute prohibited discrimination under the Rehabilitation Act.

83. The ODM is a recipient of federal funds under the Rehabilitation Act. The Plaintiffs are qualified individuals with a disability under Section 504 of the Rehabilitation Act.

84. The actions by ODM constitute unlawful discrimination under 29 U.S.C. § 794(a), violate the mandate that no qualified handicapped person should be denied benefits on the basis of handicap, and violate the regulations implementing this statutory prohibition. 28 C.R.R. § 41.51(d).

85. Plaintiffs are individuals who require 24-hour skilled nursing services for their health, welfare, and survival. The Defendants' failure to grant needed benefits to Plaintiffs violates § 504 of the Rehabilitation act of 1973 and its implementing regulations.

86. As a consequence of' Defendants' actions as described herein, Plaintiffs have suffered damages, including compensatory, mental anguish and other damages.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Court order the following equitable and declaratory relief as to all counts:

    a.    Assume jurisdiction over this action and maintain continuing jurisdiction until Defendants are in full compliance with every Order of this Court;

    b.    Issue an Order automatically deducting alimony/spousal support from the calculation of Plaintiffs' PL;

    c.    Pursuant to OAC 5160:1-3-04.3(C)(2)(g)(iii), 42 C.F.R. §435.725(c)(4); 42 U.S.C. § 1396a(r)(1)(A)(ii), issue an Order automatically approving an "Act 52"/Unpaid Past Medical Expense deviation zeroing out Plaintiffs' PL so it can be diverted to pay the outstanding balances accrued for skilled nursing care provided by Carespring and GSH;

    d.    Issue an Order upon the Defendants enjoining them from continuing the policy of including court-ordered child and spousal support payments in the calculation of countable income under the Medicaid program; and

    e.    To take other such actions as are proper and necessary to remedy the Defendants' violations and order such equitable relief as will make the Plaintiffs whole for Defendants' unlawful conduct.

Respectfully submitted,

**Sb2, LLC**

<u>/s/ Mary Pisciotta</u>
<u>/s/ Stephanie Lane</u>
Mary Pisciotta (0080744)
Stephanie Lane (0070095)
Sb2, Inc.
1426 N. Third Street, Suite 200
P.O. Box 5400
Harrisburg, PA 17110
Direct: (843) 560-0131
Fax: (717) 909-5925
mpisciotta@s-b-b.com
slane@s-b-b.com
*Attorneys for Plaintiffs*